# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES,<br><br>              Plaintiff,<br><br>   v.<br><br>Dr. YOU,<br><br>              Defendant. | **Case No. 1:18-cv-00186-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 19)**<br><br>**21-DAY DEADLINE** |

**A.**    **<u>Procedural History</u>**

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 on claims of deliberate indifference to his serious medical needs. Plaintiff originally filed this action in this Court on October 21, 2016. (Doc. 1.) In his Complaint, Plaintiff alleged that the only named defendant, Dr. You, was employed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. On this basis, the Court transferred the case case was to the Southern District of California. (Doc. 9.) That court screened the Complaint under 28 U.S.C. § 1915 and noted discrepancies in the Complaint which made it difficult to discern where the events described occurred. The court provided Plaintiff leave to amend to clarify whether the events occurred at RJD or at CSP-Cor where he was and is currently housed. (Doc. 12.) Plaintiff filed the First Amended Complaint which clarified that the events about which he complains occurred at CSP-Cor, so the action was transferred back to this court without further screening. (*See* Docs. 19,

20.)

The First Amended Complaint is now before this Court for screening. This Court finds that, despite receiving the applicable standards previously, Plaintiff fails and is unable to state a cognizable Eighth Amendment claim against Dr. You for deliberate indifference to his serious medical needs. Thus, this action should be DISMISSED.

**B.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Summary of the First Amended Complaint**

Plaintiff names Dr. You as the only defendant in this action and seeks monetary damages. Plaintiff alleges that, when he was transferred from RJD to CSP-Cor, Dr. You examined him and revoked a comprehensive accommodation chrono ("ACA") for soft-soled shoes and for lower-tier/lower-bunk housing, that issued at RJD. Plaintiff alleges that because of this, correctional staff did not allow him to go to the dining hall and medical lines.

As noted above, Plaintiff was previously given the applicable standards for the claims asserted in this action and informed of deficiencies in his factual allegations. Despite this, the First Amended Complaint suffers from the same defects as the original Complaint. Further, as discussed in detail below, Plaintiff attached exhibits to the First Amended Complaint that contradict his allegations. Therefore, it appears that Plaintiff is unable to state a cognizable claim and so as not to encourage fabrication, this action should be dismissed.

**D.      Pleading Requirements**

**1.      Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S.*

3

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

E.  **Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

4

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's alleged epilepsy and paralysis/disfunction of his leg/foot from his gun-shot wounds are accepted as serious medical needs.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that doctors at RJD issued an ACA for him to have lower-tier/lower-bunk housing because of his epilepsy and for him to have soft-soled shoes because of his leg/foot

5

disfunction. Plaintiff alleges that Dr. You examined him at CSP-Cor and revoked that ACA. When Plaintiff challenged that action, Dr. You allegedly told Plaintiff that custody staff didn't allow him to issue ACAs for lower-tier/lower-bunks and wouldn't allow Plaintiff to wear soft-soled shoes even if Dr. You issued an ACA for them. (Doc. 19, p. 4.)

Plaintiff's exhibits show that upon examining Plaintiff, Dr. You issued a new ACA when he examined Plaintiff for Plaintiff to be permanently housed in a ground floor single-cell, noting Plaintiff had both at that time. (Doc. 19, p. 21.) Ground floor single-cell inmates receive accommodations a lower-tier/lower-bunk cell and do not have a cellmate. Without dispute, this ACA provided Plaintiff accommodations that are better suited for an inmate with significant medical issues. In any event, clearly, Dr. You believed that this ACA was appropriate.

This exhibit demonstrates that Dr. You was not deliberately indifferent to Plaintiff's risk of falling from heights because of his seizure disorder. Additionally, while Dr. You's ACA discontinued Plaintiff's "PIA" shoes, it ordered that Plaintiff receive insoles on a permanent basis. (*Id.*) This does not show deliberate indifference to Plaintiff's leg/foot disability by Dr. You. When coupled with the allegations of the complaint, it demonstrates that Dr. You believed this ACA would best address Plaintiff's leg/foot ailment. Though Dr. You ordered a different accommodation for Plaintiff's leg/foot disability than was ordered in Plaintiff's earlier ACA, Plaintiff states no allegations to find that Dr. You was aware that using insoles instead of orthotic shoes would subject Plaintiff to a serious risk based on his condition. Merely changing orthotic devices does not show deliberate indifference.

Further, Plaintiff's allegations that Dr. You revoked the ACA Plaintiff received at RJD and by inference left him without any accommodations for his serious medical needs need not be accepted as true since they are directly contradicted by his exhibit. "[A]llegations that contradict exhibits attached to the Complaint . . ." need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) citing *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Even if Plaintiff's allegations could be accepted as true, at most, they merely show his

6

disagreement with Dr. You's medical opinion of the best accommodation for Plaintiff's medical needs. A difference of opinion over what constitutes proper treatment does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted); *see also Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at *8 (D. Idaho Jan. 28, 2009) (finding that Plaintiff's assertion that a different orthotic device would provide better treatment was insufficient to support an Eighth Amendment claim); *see also Diaz v. Vasquez*, No. 1:12-CV-00732-GBC PC, 2012 WL 5471803, at *2 (E.D. Cal. Nov. 9, 2012) (finding transfer prison's invalidation of inmate's previous medical chrono for soft-soled shoes failed to state an Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A). For these reasons, Plaintiff does not and indeed cannot state a cognizable Eighth Amendment claim against Dr. You for deliberate indifference to his serious medical needs.

## **CONCLUSION**

Plaintiff's First Amended Complaint fails to state a cognizable claim against Dr. You. Given that the First Amended Complaint suffers from the substantially similar defects to those in Plaintiff's original Complaint, it appears futile to allow further amendment. This is particularly so given the evidence contained in the the ACA Dr. You issued. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS** that this entire action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action.

///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE